## Elkins-Rydal Company v. Brigham

*High, Swartz, Childs & Roberts*, for plaintiff.
*David E. Groshens*, for defendant.

KNIGHT, P. J., November 17, 1952. — This is an action of mandamus tried by a judge without a jury. A verdict was rendered for defendant and these exceptions were taken to the adjudication of the trial judge.

The facts are fully set forth in the adjudication and as none of these findings of fact are excepted to, they need not be restated here.

The trial judge held that while plaintiff had a vested interest which would entitle him to develop the land in question in accordance with a plan of subdivision approved by this court and subsequently approved, as amended, by the Commissioners of Abington Township, this vested right or interest was abandoned under section 1001(5) of the Zoning Ordinance of Abington Township of December 8, 1949, because the predecessor in title of plaintiff had done nothing toward developing the tract or building houses thereon for over one year.

Plaintiff, by his exceptions, contends that the above ruling of the trial judge was error.

Whether the mere subdivision of land into numerous lots to be used for residence purposes constitutes a use of the land under the zoning ordinance is an interesting question upon which we have found no authority and none has been called to our attention.

The land here in question is situated in a V residence District as zoned by the ordinance and in a V residence district section 301 provides: "A building may be erected or used, and a lot may be used or occupied, for any of the following purposes and no other." Then follows a list of permitted uses.

Article I of the ordinance contains a definition of terms and section 104 provides, inter alia, "the word 'used' includes the words 'arranged, designed, or intended to be used'." The lots on the plan approved by the court were arranged, designed and intended to be used for residence purposes and to that extent the subdivision of the land was a use of the land for that purpose.

At first blush, it would seem that the Abington Zoning Ordinance made a distinction between nonconforming uses and nonconforming lots, for section 1002 provides:

"Nonconforming Lots. A building may be erected or altered on any lot held at the effective date of this Ordinance in single and separate ownership which is not of the required minimum area or width or is of such unusual dimensions that the owner would have difficulty in providing the required open spaces for the district in which such lot is situated, provided a special exception is authorized by the Board of Adjustment."

It will be noted, however, that this section applies only to lots in "single and separate ownership" and referring to section 104(17) we find "Single and separate ownership" defined to mean: "The ownership of a lot by one or more persons, partnerships, or corporations, which ownership is separate and distinct from that of any abutting or adjoining lot."

Obviously lot no. I on the plan is not a nonconforming lot within the meaning of section 1002, supra, for plaintiff owns the adjoining lots.

It is true that the general character of the use of the land in question, namely, for residence purposes, was the same both before and after the enactment of the Zoning Ordinance of 1949, but after the passage of the ordinance the land was subject to the restrictions and regulations contained in the ordinance as to residence use in district V.

While the question is not free from doubt we are of the opinion that the subdivision of the land for residence purposes was a use of the land within the meaning of the zoning ordinance.

After the passage of the ordinance the scheme of subdivision as shown on the plan approved by the court became a nonconforming use of the land. The American Veterans Co-operative, Inc., had the right to build in accordance with this plan for a year after the passage of the ordinance both under the decision of this Court and under section 1001(1) of the ordinance. We agree with the trial judge that the American Vet-

erans Housing Co-operative, Inc., had no vested right to an indefinite continuance of its right to develop the subdivision in accordance with the plan approved by the court and commissioners.

To hold otherwise would make it impossible to change or amend any zoning ordinance. Every land owner has a right to utilize his land for the uses permitted by the zoning ordinance in the zone or district in which the land is situated. If these uses cannot be changed or restricted by the legislative branch of local government, then zoning becomes static and unchangeable. This is not the law and would not work for the welfare of the people. Cases like that of the American Veterans in which large expenditures of money have been made and work done in reliance of the zoning that existed are exceptions to the general rule and each case must rest on its own peculiar facts. Plaintiff in this case purchased the land in question with actual or contructive notice of section 1001(5) of the zoning ordinance, supra. He purchased the land 1 year and 11 months after the passage of the ordinance and with full knowledge that the Veterans had done nothing to develop the land in accordance with the approved plan or to build houses thereon.

We are of the opinion that the trial judge erred in holding that plaintiff acquired a vested right to develop the tract in accordance with the plan approved by the court for that right had been lost when the American Veterans Housing Co-operative, Inc., failed to develop the tract or build any houses thereon for over a year after the passage of the ordinance in 1949. That the veterans had abandoned their project is shown by the fact that they sold the entire tract.

We hold then that the subdivision of land into lots for the building of residences on the lots as shown on the plan of subdivision was a use of the land within the meaning of the Abington Zoning Ordinance and

that the scheme of subdivision as shown on the plan became a nonconforming use after the passage of the Abington Zoning Ordinance of 1949 and its status as a nonconforming use was lost by abandonment when nothing was done to preserve it for over one year after the passage of the Ordinance under section 1001(5), which reads:

"Abandonment. If a nonconforming use of land or of a building ceases or is discontinued for a continuous period of one (1) year or more, subsequent use of such building or land shall be in conformity with the provisions of this Ordinance, unless the Board of Adjustment shall authorize as a special exception after public hearing the resumption of the discontinued use."

The status of the lot in question as a nonconforming use could only be restored by special exception granted by the board of adjustment and no such exception has ever been applied for or granted.

Even if we are entirely wrong in what we have said above, the exception must be dismissed. In findings of fact XVI, XVII, and XVIII the trial judge found that plaintiff has not complied with sections III and VII of the regulations governing subdivisions as adopted by the Commissioners of Abington Township on April 6, 1948. These findings of fact have not been excepted to and it follows that plaintiff is in no position to ask for and receive a building permit until he complies with the subdivision requirements. In the case of American Veterans Co-operative, Inc., the zoning restrictions only were considered and nothing was said about the subdivision regulations. Lot No. I, for which the building permit was applied for, is located at the corner of Rhoads Avenue and Old Huntingdon Pike and the plan shows it fronts on Rhoads Avenue which is not improved. Even if the lot is con-

sidered as fronting on Old Huntingdon Pike, an opened highway, the application of plaintiff for a permit to make street improvements includes "improvements along Old Huntingdon Pike abutting Lot I." These improvements have not been made or provided for by an approved bond.

And now, November 17, 1952, the exceptions are dismissed and it is ordered and directed that judgment be entered on the verdict for defendant.